[No. 10,172.]

## THE PEOPLE v. VISSELLUS AMANACUS.

REPUTATION OF WITNESS FOR TRUTH AND INTEGRITY.—If the defendant proves that a witness, called and examined by the prosecution, has been convicted of a felony, it is an assault upon the character of the witness for integrity and truth, and the prosecution may, in rebuttal, examine witnesses to prove that the reputation of the witness for truth and integrity is good in the community where he resides.

APPEAL from the County Court, County of Solano.

The defendant was indicted for, and convicted of an assault with intent to commit murder, and appealed.

The other facts are stated in the opinion.

*George A. Lambert*, for the Appellant, argued that the testimony to sustain the character of Sachell was improperly admitted; that the rule laid down in Greenleaf on Ev. (Vol. 1, Sec. 469), could not be sustained on authority, as the contrary had been decided in *Doe* v. *Harris* (7 Car. & Payne, 330).

*J. F. Wendell*, for the People, argued that the character of the witness had been put in issue, and cited 1 Greenleaf on Ev., Sec. 469; 2 Phillips on Ev., 5th American ed., Sec. 944; Roscoe's Cr. Ev., 6th American ed., 95; *State* v. *Roe*, 12 Vt. 111, and *Paine* v. *Tilden*, 5 Washb. 554.

By the Court, WALLACE, C. J.:

Sachell, a witness for the prosecution, having testified in chief, was asked by the counsel for the defendant whether he had been convicted of felony, and answered that he had. Subsequently, the prosecution called a witness to prove that the general reputation of Sachell for truth, honesty and integrity in the community in which he resided was good. This proof was objected to by the counsel for the prisoner, on the grounds "that the same was irrelevant, incompetent and inadmissible; that no evidence had been offered by the prisoner tending to impeach the said witness Sachell, for truth, honesty and integrity." The objection was overruled, and the proof admitted. An exception reserved by the prisoner to the ruling in this respect presents the only question to be considered upon this appeal.

The Code of Civil Procedure (Sec. 2051) is as follows: "A witness may be impeached by the party against whom he is called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he has been convicted of a felony." It is apparent that when the prisoner proved that Sachell had been convicted of felony, it amounted to an impeachment or attempted impeachment of the witness, under the provision of the code just referred to. It was a direct assault upon his reputation for truth, honesty and integrity, made in the manner pointed out by the code concerning the impeachment of witnesses. The prosecution, therefore, had the right to sustain its witness by evidence of his good character, under the provisions of section 2053 of the same code, which provides in substance that the testimony of a witness may be supported by evidence of his good character, where such character has been impeached. The argument for the prisoner made here, asserts that "the proof of the previous conviction of the witness is in no sense an attack upon his general character for truth, honesty and integrity. The conviction is simply the consequence of one act of mis-

conduct, and one particular act is not sufficient to make a general character. The law recognizes this, when it does not allow particular acts of misconduct on the part of witnesses to be shown by way of impeachment." (Code of Civ. Proc., Sec. 2051.)

If the proof of his previous conviction of a felony did not amount to an attack upon the general character of the witness for truth, honesty and integrity, what, it may be inquired, was the purpose of its introduction? Certainly, it was not to exclude the witness on the ground of incompetency to testify by reason of infamy; for, under any rule, it came too late for that purpose, and not in the proper form. But had it been offered at the earliest opportunity, and by the production of the record of conviction, it would not have availed to exclude the witness, because section 1879 of the same code provides, that a previous conviction of felony shall not operate to disqualify a witness, or preclude him from testifying in the case. It is apparent that the purpose of the proof that the witness had been convicted of a felony was (under section 1847) to repel the presumption that he spoke the truth, "by evidence affecting his character for truth, honesty and integrity," which in itself amounts to impeachment, for there is no force in the reference made to the general rule which forbids the impeachment of a witness by evidence of particular wrongful acts, because the Code of Civil Procedure (section 2051) already recited, while referring to the general rule, expressly permits proof of a conviction of felony as an exception to that rule.

Judgment affirmed.