Filed 8/21/20  P. v. Garcia CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAN LEONARDO GARCIA,<br><br>    Defendant and Appellant. | B294014<br>(Los Angeles County<br> Super. Ct. No. KA118631) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed and remanded.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Adan Leonardo Garcia appeals from a judgment of conviction after a jury found him guilty of discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a)),[1] felon in possession of a firearm (§ 29800, subd. (a)(1)), unlawful possession of ammunition (§ 30305, subd. (a)(1)), driving under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a)), and driving with a .08 percent blood alcohol content causing injury (*id.*, § 23153, subd. (b)).  As to both Vehicle Code violations, the jury found true the allegation that defendant had a blood alcohol level content of .15 percent or higher.  In a bifurcated proceeding, the trial court found that defendant had suffered a prior strike under the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12, subds. (a)–(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)).

On appeal, defendant contends his trial counsel rendered ineffective assistance of counsel by (1) failing to object to the admissibility of defendant's prior felony conviction; and (2) failing to request an ability to pay hearing before the court imposed various fines, fees, and assessments.  Defendant also contends he is entitled to a remand based on the enactment of Senate Bill No. 1393, which now affords the trial court the discretion, which it previously did not have, to strike defendant's five-year serious felony enhancement pursuant to section 667, subdivision (a)(1).

---

[1]     Unspecified references to statutes are to the Penal Code.

The People request that we strike the prior prison term enhancement (§ 667.5, subd. (b)), which the trial court imposed but stayed, pursuant to recently enacted Senate Bill No. 136.

We conclude that defendant's trial counsel did not render ineffective assistance of counsel. We strike the section 667.5, subdivision (b) enhancement, and remand the matter with directions for the trial court to exercise its discretion to impose or strike the prior serious felony enhancement pursuant to section 667, subdivision (a)(1). On remand, defendant may request a hearing on his ability to pay the fines, fees, and assessments imposed. Otherwise, we affirm the judgment.

**BACKGROUND**

1. *Prosecution Evidence*

Around 4:00 p.m. on July 16, 2018, Christina Ducoing was driving home with her daughters in the city of Pomona, when she saw defendant driving a car in her direction. Ducoing testified that she watched defendant stick his hand out of the driver's side window of the car and fire a gun into the air multiple times. Ducoing did not see any other person in defendant's car.

Approximately 15 minutes later in a different area in Pomona, Arthur Brown Jr. was sitting in his car behind another car driven by Esteban Zarates; both cars were waiting for the intersection light to turn green. Suddenly, a car turned the corner and crashed into both cars. Zarates sustained injuries from the collision. At trial, Zarates

3

and Brown identified defendant as the driver who had caused the collision.

After the collision, Brown watched defendant get out of his car and walk away from the accident. Brown followed defendant to a shrubbed area near the intersection, where defendant threw something away before walking back to the cluster of cars.

Police officers and a K-9 unit responded to the intersection and located a .45 caliber magazine and .45 automatic handgun scattered approximately 30 feet apart in the shrubbed area. Officers also located a spent .45 casing on the windshield of defendant's car, another .45 casing under the passenger's side seat, and live rounds on the floorboard.[2] A criminalist testified that all of the casings—including those recovered from the area where Ducoing had witnessed defendant fire a handgun—were fired from the recovered .45 handgun. A swab of defendant's hands positively identified the presence of gunshot residue, which, according to a criminalist, meant that defendant had either fired a gun or had been within three feet of a discharged firearm.

When an officer interviewed defendant at the scene of the collision, the officer noticed defendant smelled of alcohol and slurred his speech; defendant admitted he had recently consumed two 24-ounce beers. After refusing a field sobriety examination, defendant was arrested and taken to the police station, where he submitted to a breathalyzer test. The test results yielded .18 percent and .17 percent

---

[2]     The officer located three live rounds capable of being fired. Two of the rounds were to a .45 firearm; one round was to a .357-magnum firearm.

blood alcohol levels. A criminalist testified that an adult male the size of defendant with such high blood alcohol levels could not safely operate a vehicle.

2. *Defense Evidence*

Defendant testified on his own behalf. He denied driving the car and denied firing or touching the firearm and ammunition.[3]

3. *Information, Verdict, and Sentencing*

Defendant was charged with discharging a firearm with gross negligence (§ 246.3, subd. (a), count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2), unlawful possession of ammunition (§ 30305, subd. (a)(1), count 3), driving under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a), count 4), and driving with a .08 percent blood alcohol content causing injury (*id.*, § 23153, subd. (b), count 5). As to counts 4 and 5, the information alleged that defendant had a blood alcohol level content of .15 percent or higher.

The information further alleged that defendant had been convicted of and served a prison term in 2013 for unlawful possession of a firearm with a gang enhancement (former § 29805, § 186.22, subd.

---

[3] Defendant testified that his friend "Spooky," whose real name defendant did not know, drove the car and fired the handgun while defendant continued to sleep in the passenger's seat. After the collision, Spooky "took off," never to be seen by defendant again.

(b)(1)(A)), which constituted a prior strike (§§ 667, subd. (d), 1170.12, subd. (b)), prior serious felony conviction (§ 667, subd. (a)(1)), and prior prison term (§ 667.5, subd. (b)).

The jury found defendant guilty as charged and found the elevated blood alcohol content allegation on counts 4 and 5 true.

In a bifurcated proceeding, the trial court found that defendant had suffered a prior strike within the meaning of the Three Strikes law (§§ 667, subd. (d), 1170.12, subd. (b)), had been convicted of a prior serious felony (§ 667, subd. (a)(1)), and had served a prior prison term (§ 667.5, subd. (b)). The court elected not to strike defendant's prior conviction and sentenced him to an overall determinate term of nine years, comprised of the middle term of two years on count 1, doubled for the prior strike, plus five years for the prior seriously felony conviction. The court stayed the sentences on counts 2 and 5, and ran the sentences on counts 3 and 4 concurrently to count 1.

## DISCUSSION

1.    *Defendant Did Not Receive Ineffective Assistance of Counsel*

When defendant indicated he would be testifying in his defense, the court inquired if there was evidence of defendant's moral turpitude. The People identified defendant's 2013 felony conviction for unlawful possession of a firearm with a gang enhancement (former § 29805, § 186.22, subd. (B)(1)(A)). The court found the conviction to be a crime of moral turpitude, but it excluded any reference to the gang enhancement as unduly prejudicial and not probative on any issue.

6

During cross-examination, the People asked, and defendant admitted that he had been convicted of felony possession of a firearm in 2013.

Defendant contends that his trial counsel's failure to object to the admissibility of his 2013 felony conviction constituted ineffective assistance of counsel. He asserts the prior conviction could not be used for impeachment because the crime on which the conviction was based (unlawful possession of a firearm by a person convicted of an enumerated misdemeanor) did not involve moral turpitude. He also contends that the use of the prior conviction was unduly prejudicial. We disagree.

A. *Governing Law on the Right to Effective Assistance of Counsel*

The Sixth Amendment right to assistance of counsel includes the right to the effective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 686–694.) "'In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.]'" (*People v. Gamache* (2010) 48 Cal.4th 347, 391 (*Gamache*).)

Defendant bears the burden of establishing ineffective assistance of counsel. (*Gamache, supra*, 48 Cal.4th at p. 391.) We indulge every "presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be

7

explained as a matter of sound trial strategy. . . .  If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation.  [Citation.]'  [Citation.]" (*Ibid.*; accord, *People v. Thompson* (2010) 49 Cal.4th 79, 122 ["[c]ounsel is not ineffective for failing to make frivolous or futile motions"].)

B.     *Admission of Defendant's Prior Felony Conviction*

Subject to a trial court's exercise of discretion under Evidence Code section 352, evidence of a felony conviction for an offense involving moral turpitude is admissible for impeaching any witness in a criminal proceeding.  (*People v. Anderson* (2018) 5 Cal.5th 372, 407; *People v. Castro* (1985) 38 Cal.3d 301, 313, 315–317; see Evid. Code, § 788; Cal. Const., art. I, § 28, subd. (f)(4).)

In determining whether an offense involves moral turpitude, courts utilize "'"[t]he 'least adjudicated elements' test[, which] means that 'from the elements of the offense alone—without regard to the facts of the particular violation—one can reasonably infer the presence of moral turpitude.' [Citations.]" [Citation.]  "Crimes involve moral turpitude when they reveal dishonesty, a '"general readiness to do evil,"'" [citation], or "moral laxity of some kind" [citation].'  ([*People v.*] *Aguilar* [(2016) 245 Cal.App.4th 1010,] 1017 [(*Aguilar*)].)" (*People v. Bedolla* (2018) 28 Cal.App.5th 535, 551 (*Bedolla*).)

8

Here, the trial court admitted defendant's 2013 conviction for violating former section 29805, which provides: "Except as provided in Section 29855 or subdivision (a) of Section 29800, any person who has been convicted of a misdemeanor violation of Section 71, 76, 136.1, 136.5, or 140, subdivision (d) of Section 148, Section 171b, 171c, 171d, 186.28, 240, 241, 242, 243, 243.4, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.6, 422, 626.9, 646.9, or 830.95, subdivision (a) of former Section 12100, as that section read at any time from when it was enacted by Section 3 of Chapter 1386 of the Statutes of 1988 to when it was repealed by Section 18 of Chapter 23 of the Statutes of 1994, Section 17500, 17510, 25300, 25800, 30315, or 32625, subdivision (b) or (d) of Section 26100, or Section 27510, or Section 8100, 8101, or 8103 of the Welfare and Institutions Code, any firearm-related offense pursuant to Sections 871.5 and 1001.5 of the Welfare and Institutions Code, or of the conduct punished in subdivision (c) of Section 27590, and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm is guilty of a public offense, punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine." (Former § 29805.)[4]

_____

[4] The statute has been amended to cover persons with a conviction of or outstanding warrant for the enumerated misdemeanor violations. The amendment also added to the list of violations sections 148.5, subdivision (f), 422.6, and section 487 if the property taken was a firearm; and omitted from the list of violations former section 12100, subdivision (a). (§ 29805, subd. (a).)

9

The elements of the offense include: (1) defendant owned, purchased, received, or possessed a firearm; (2) defendant knew that he owned, purchased, received, or possessed the firearm; (3) defendant had previously been convicted of an enumerated misdemeanor(s); and (4) the previous conviction was within 10 years of defendant's possession of the firearm. (CALCRIM No. 2511.)

Based on these elements, we conclude that defendant's violation of former section 29805 constituted a crime of moral turpitude. We reach this conclusion for two reasons. First, former section 29805 falls into the class of crimes involving the possession of a firearm. That class of crimes has consistently been found to involve moral turpitude given the increased risk of violence attending to possessing a firearm. (See *Aguilar*, *supra*, 245 Cal.App.4th at p. 1017 [carrying concealed firearm in a vehicle in violation of § 25400, subd. (a)(1)]; *People v. Robinson* (2011) 199 Cal.App.4th 707, 715 (*Robinson*) [unlawful possession of a firearm by a felon in violation of former § 12021, subd. (a)(1)]; *People v. Feaster* (2002) 102 Cal.App.4th 1084, 1093 [discharge of firearm in grossly negligent manner in violation of § 246.3]; *People v. Garrett* (1987) 195 Cal.App.3d 795, 800 [possession of an unregistered firearm in violation of 26 U.S.C. § 5861, subd. (d)].)

Second, the statute proscribes possession of a firearm by persons "who have been proven unable to control violent criminal impulses." (*People v. Flores* (2008) 169 Cal.App.4th 568, 575 (*Flores*) [discussing constitutionality of former § 12021, subd. (c)]; see Law Rev. Com. comments to § 29805 [former § 12021, subd. (c) has been continued

10

"without substantive change" by the enactment of former section 29805].) Certainly, those who cannot control violent criminal impulse are more readily able to do evil. (See *Bedolla, supra,* 28 Cal.App.5th at p. 551.)

Defendant contends former section 29805 does not constitute a crime of moral turpitude because it proscribes conduct from misdemeanants, a class of recidivists he contends are generally "less dangerous than recidivist felons."

Former (and current) section 29805 does not apply generally to misdemeanants; it applies instead to a specific class of misdemeanants who have committed crimes involving threats, intimidation and impersonation;[5] violence and/or use of firearms;[6] or the unlawful sale, possession, or reporting of deadly weapons or ammunition.[7] By violating one or more of these crimes, prohibited persons under former section 29805 have demonstrated a propensity for violence and willingness to use a firearm for dangerous purposes. (See *Flores, supra,* 169 Cal.App.4th at p. 575; accord, *Robinson, supra,* 199 Cal.App.4th at p. 714 ["[t]he purpose of [former] section 12021 is to protect the public

---

[5] See sections 71, 76, 136.1, 136.5, 140, 422, 422.6, 646.9, and 830.95.

[6] See sections 240, 241, 242, 243, 243.4, 244.5, 245, 245.5, 246.3, 247, 273.5, 273.6, 417, 417.6, 626.9, 17500, 17510, 25300, 25800, and 26100, subdivisions (b) and (d).

[7] See section 148, subdivision (d), 148.5, subdivision (f), 171b, 171c, subdivision (a)(1), 171d, 186.28, 487 if theft was a firearm, 27590, subdivision (c), 30315, 32625, 27510; and Welfare and Institutions Code sections 8100, 8101, 8103, 871.5, and 1001.5.

11

welfare by precluding the possession of guns by those who are more likely to use them for improper purposes"].) Thus, because defendant's violation of former section 29805 constituted a crime of moral turpitude, his prior felony conviction was admissible for purposes of impeachment. His counsel was not ineffective for objecting to its admission on this ground.

Anticipating this result, defendant contends trial counsel was ineffective for failing to object to the use of the prior conviction, which he contends was unduly prejudicial under Evidence Code section 352. Despite the record's silence on why counsel abstained from objecting, the objection would have been futile. (See *Gamache*, *supra*, 48 Cal.4th at p. 391.)

A trial court may exclude evidence if its probative value is substantially outweighed by the probability that its admission will create a substantial danger of undue prejudice. (Evid. Code, § 352; see *People v. Wheeler* (1992) 4 Cal.4th 284, 296 [trial courts have broad discretion to rule under Evid. Code, § 352].)

Defendant's prior conviction was clearly probative on his credibility, an issue defendant concedes "was of paramount importance" because his testimony was the only support for his defense that he had not driven the car or touched the firearm or ammunition. (See *People v. Mendoza* (2000) 78 Cal.App.4th 918, 925 ["defendant's convictions were clearly probative on the issue of his credibility . . . . This is particularly true in light of the fact that defendant's line of defense at trial was an outright denial of guilt, i.e., his credibility was directly at issue"].)

12

Despite the prior conviction's similarity with the crimes on which defendant was tried, use of the prior conviction was not unduly prejudicial. Similarity between a prior conviction and the charged offenses is but one factor a court may consider when balancing probative value against prejudice. (*People v. Edwards* (2013) 57 Cal.4th 658, 722; *People v. Hinton* (2006) 37 Cal.4th 839, 888 [excluding similar prior felony convictions "would have given defendant a '"false aura of veracity"'"]; *People v. Gutierrez* (2018) 28 Cal.App.5th 85, 91 (*Gutierrez*); see also Cal. Const., art. I, § 28, subd. (f).) The trial court instructed the jury that it could consider the prior felony conviction only in evaluating defendant's credibility. "'Any prejudice that the challenged information may have threatened must be deemed to have been prevented by the court's limiting instruction to the jury. We presume that jurors comprehend and accept the court's directions. [Citation.]' [Citation.]" (*Gutierrez, supra,* at p. 91.)

In short, defendant's prior felony conviction was admissible impeachment evidence, the use of which did not unduly prejudice defendant. Moreover, even if the court had excluded the prior conviction, defense counsel's failure to object was not prejudicial. Defendant was identified as the lone perpetrator by three different witnesses, whose testimony was supported by the physical evidence, including the location of the firearm, ammunition, and gunshot residue traceable to defendant's hands. Thus, had defense counsel objected and had the prior conviction been excluded, it is not reasonably probable that a different result would have been reached. (*Gamache, supra,* 48 Cal.4th at p. 391.)

13

2. *Senate Bill No. 1393*

On count 1 for discharging a firearm in a grossly negligent manner, the court imposed one consecutive five-year enhancement pursuant to section 667, subdivision (a)(1). Defendant contends he is entitled to a remand based on the enactment of Senate Bill No. 1393, effective January 1, 2019, which amended section 1385 so as to give the trial court the discretion (which it previously did not have) to strike section 667 enhancements. The People contend remand is futile because the trial court's statements demonstrate that it clearly intended to impose the enhancement, and would not have dismissed the enhancement. We conclude remand is appropriate.

"We are not required to remand to allow the court to exercise its discretion if 'the record shows that the trial court clearly indicated when it originally sentenced the defendant that it would not in any event have stricken [the] . . . enhancement' even if it had the discretion. [Citation.]" (*People v. Jones* (2019) 32 Cal.App.5th 267, 272–273 (*Jones*).) "In reviewing whether the trial court made such an unequivocal indication, we consider the trial court's statements and sentencing decisions." (*People v. Franks* (2019) 35 Cal.App.5th 883, 892; see *id.* at p. 893 [trial court elected to impose upper term and stated it would not have dismissed the enhancement if it had the discretion to do so]; *Jones, supra,* at pp. 274–275 [trial court denied defendant's motion for new trial, noted defendant had been released a few months prior to arrest, sentenced defendant to upper term, and

14

"made clear its intention to impose the most stringent sentence it could justifiably impose"].)

Here, the trial court did not affirmatively indicate that it would refrain from striking the five-year enhancement if it had the discretion to do so. Despite finding the factors in aggravation to be overwhelming and in favor of a high-term sentence, the court imposed the middle term of two years imprisonment on count 1. The court also imposed a concurrent middle term of two years on count 3, even though it could have imposed the term consecutively.[8] Thus, we remand the matter for the court to exercise its discretion to impose or strike the five-year enhancement under section 667, subdivision (a)(1).

3.    *Senate Bill No. 136*

Defendant contends the trial court imposed an unauthorized sentence by staying rather than striking the prior prison term enhancement under section 667.5, subdivision (b). The People agree that, due to the recent enactment of Senate Bill No. 136, the court should have stricken the enhancement.

While this appeal was pending, Senate Bill No. 136 amended section 667.5, subdivision (b), to restrict the circumstances under which a one-year sentence enhancement may be imposed for a prior prison term. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The court imposed and stayed a one-year prior prison term enhancement based on defendant's 2013 conviction for unlawful possession of a firearm.

---

[8]    The court also elected to run the sentence on count 4 concurrently.

15

Section 667.5, subdivision (b) now allows for the imposition of a one-year prior prison term enhancement only if the prior prison term was served for a sexually violent offense.

The People acknowledge that Senate Bill No. 136 applies retroactively to those like defendant whose sentences were not final at the time that Senate Bill No. 136 became effective. (*People v. Chubbuck* (2019) 43 Cal.App.5th 1, 13–14.) We agree, and strike the one-year prior prison term enhancement.

4.    *Ability to Pay*

At the sentencing hearing, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)) a criminal conviction assessment of $150 (Gov. Code, § 70373), and a court operations assessment of $200 (§ 1465.8, subd. (a)(1)). Defendant contends his trial counsel rendered ineffective assistance because counsel failed to request an ability to pay hearing (see *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168 (*Dueñas*), which was decided after the sentencing hearing). We decline to address the issue. Given that we must remand the case for additional proceedings on the section 667, subdivision (a)(1) enhancement, as part of that remand defendant may request a hearing to present evidence demonstrating whether he is unable to pay the fines, fees, and assessments imposed.

//

//

16

## DISPOSITION

The one-year enhancement under section 667.5, subdivision (b) is stricken. The matter is remanded for the court to exercise its discretion whether to strike the five-year enhancement under section 667, subdivision (a)(1). On remand, defendant may also request a hearing on his ability to pay the fines, fees, and assessments. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                   WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.