Filed 9/24/21  P. v. Finley CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEANDRE JEROME FINLEY,<br><br>Defendant and Appellant. | F080967<br><br>(Super. Ct. No. 1497223)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

Defendant DeAndre Jerome Finley was convicted of assault with a deadly weapon and sentenced to four years in prison. On appeal, he argues that the trial court erred in admitting evidence of two of his five prior felony convictions for purposes of impeachment. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On November 22, 2019, the Stanislaus County District Attorney filed a first amended information charging defendant with making criminal threats (Pen. Code, § 422, subd. (a);[1] count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). The amended information further alleged that defendant had suffered two prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) which also qualified as serious felony convictions (§ 667, subd. (a)).

On January 9, 2020, the jury found defendant guilty on count 2 but not guilty on count 1. In a bifurcated proceeding on January 17, 2020, the trial court found true that defendant had suffered one prior strike conviction and one prior serious felony conviction.

On March 12, 2020, the trial court struck the prior strike and prior serious felony allegations and sentenced defendant to the aggravated term of four years on count 2.

On March 16, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

### Julie K.

In October 2015, Julie K. lived in a duplex in Modesto. Defendant's mother, Winnetta U., moved into the same complex around August 2015. Julie and Winnetta became friends. Julie and her son often brought Winnetta coffee in the mornings because

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

Winnetta was often alone. Julie met defendant in September or October 2015 while she was visiting Winnetta.

On October 15, 2015, at around 12:30 p.m., Julie went to Winnetta's home to check on her because she learned that defendant was upset. When Julie arrived, she saw defendant and Winnetta in the kitchen where defendant was "in Winnetta's face screaming and yelling." Julie positioned herself between defendant and Winnetta and asked defendant why he was so upset. Defendant called Julie a " 'f**king b***h' " then grabbed a cast iron pan from the stove and struck Julie in the head with it at least twice.[2] As defendant was hitting Julie, he told her that he "was going to make sure he put [her] six feet under." Julie used her cell phone to call the police. While she was on the call, defendant took her phone and put it in a pan on the stove top that contained cooking oil. Julie attempted to leave Winnetta's home, but defendant grabbed her by her hair and dragged her back to the kitchen.

Eventually, defendant left Winnetta's home. Julie then left Winnetta's home and walked to the courtyard of the complex. Police officers and an ambulance arrived at the complex and Julie was taken to a hospital. At the hospital, Julie was treated for gashes on her head and a wound on her face.

**Winnetta U.**

Winnetta testified she did not have an argument with defendant on October 15, 2015. She did not tell a law enforcement officer that she was involved in an argument

---

[2]     Julie testified that she had a stroke approximately two years prior to her testimony that made it difficult for her to remember things. In a later portion of her testimony, Julie said that defendant struck her a total of six times with two pans. Julie also testified that she told the first officer who interviewed her that defendant punched her twice and threatened her before he struck her with a pan. Julie further testified that at some point during the encounter she lost consciousness and woke up to cooking oil being poured on her. Julie also testified that, at some point after defendant struck Julie with a pan, Winnetta picked up a knife from the kitchen counter.

with defendant that day and she did not see defendant pick up a frying pan on that day. She did not see defendant knock Julie to the ground or strike Julie.

On October 15, 2015, Winnetta was in her room watching television when she heard a commotion in her kitchen. She did not go into the kitchen.

### Deputy Price

On October 15, 2015, Stanislaus County Sheriff's Deputy Nicholas Price was dispatched to Winnetta and Julie's complex. He spoke to Julie and found that "[s]he appeared to be covered in blood or wet. She was soaked from head to toe." Julie told Price that defendant had struck her several times in the head with a closed fist, threw her to the floor when she attempted to leave, threatened to kill her, and struck her with a frying pan. Julie further told Price that she lost consciousness after she was hit with the pan and awoke to oil being poured on her.

After the interview, Julie pointed Price to Winnetta's apartment and Price followed a "trail of … [what] appeared to be blood that led from [Julie's] apartment to … the front doorstep" of Winnetta's apartment. Winnetta told Price that she invited Julie over to help her wash her dogs. Defendant returned to Winnetta's apartment and was upset that Julie was inside. Defendant told Julie to leave. Julie refused, and explained that Winnetta had invited her over and she was a guest. Defendant pushed Julie to the ground. Julie began to crawl away from defendant and defendant grabbed a frying pan. Winnetta told Price that was "when it got bad" and she refused to answer any more questions.

### Defendant

Defendant testified that he slept on his mother's couch on October 14, 2015. When he woke up on October 15, 2015, his uncle was at his mother's home cleaning the carpets. Defendant took two of the dogs at his mother's home and walked to a grocery store. When defendant returned, Julie was at his mother's home. Defendant decided to cook for himself and his mother. Before he began, Julie walked into the kitchen and

4.

angrily said " 'You're not fixin' no food for her lazy a\*\*.' " Julie then walked past defendant and took defendant's dog to the backyard. She then blocked defendant's path to the refrigerator and told him that he could not cook anything. Julie then slapped defendant on the throat. He saw Julie grab a knife that was on the counter so he "hit her and pushed her down."[3]

When Julie fell, she hit the stove and a cast iron pan that contained grease from the previous night fell from the stove top and hit her on the head. Julie reached for the knife and defendant hit her again with his hand to prevent her from getting the knife. A second pan then fell from the stove top and spilled its contents on her. Julie then left Winnetta's home. Defendant also left Winnetta's home because he did not want to be blamed for Julie's injuries.

During the entire encounter between defendant and Julie, Winnetta was in her bedroom.

Defendant admitted that he was convicted of a felony in February 2004 and in June 2004.

## DISCUSSION

Defendant's sole argument on appeal is that the trial court abused its discretion in admitting evidence of his two prior burglary convictions from 2004 for purposes of impeachment. The People contend that the evidence of defendant's prior convictions was probative of his credibility and minimally prejudicial because the nature of the convictions was sanitized. We agree with the People. The trial court did not err in admitting defendant's 2004 felony convictions for their impeachment value.

---

[3]     Defendant also testified that he hit the knife out of Julie's hand and she slipped on grease that was on the kitchen floor.

## A.  Additional Background

During motions in limine, defendant sought to limit, and the People sought to admit, evidence for purposes of impeachment that defendant has suffered five prior felony convictions:  a 1985 robbery conviction, a 1989 assault on a peace officer conviction, a 1993 second degree burglary conviction, and two 2004 burglary convictions.  The trial court found that the 1985, 1989, and 1993 convictions were all so remote in time that they reflected very little on his credibility.  However, the trial court permitted the prosecutor to introduce the two 2004 convictions to avoid giving the false impression that defendant had no criminal history and leaving his credibility unimpeached.  The trial court limited the prosecutor to presenting evidence of the fact that defendant had suffered felony convictions, the date of the convictions, and the county of the convictions.  The trial court excluded any mention of the nature or facts of the convictions.

When defendant testified, the prosecutor introduced defendant's prior convictions in the following exchange:

> "Q.  You were convicted of a felony in February of 2004 in Alameda County; right?
>
> "A.  Alameda County.  What year was that?
>
> "Q.  February of 2004.
>
> "A.  2004, yes.
>
> "Q.  And you were also convicted of another felony in June of 2004 in Alameda County; right?
>
> "A.  Yes."

In his closing argument, the prosecutor made the following comment regarding defendant's prior convictions:

> "You also heard from the defendant.  And you have to evaluate his testimony.  The first thing you heard from him when I asked, he was a

6.

convicted felon.  Multiple times.  And the judge has instructed you, you can consider that when you evaluate the credibility of his testimony.”

## B.  Legal Framework

A prior felony conviction involving moral turpitude is admissible to impeach a witness.  (Cal. Const., art. I, § 28, subd. (f) par. (4); Evid. Code, § 788; *People v. Anderson* (2018) 5 Cal.5th 372, 407 (*Anderson*).)  “ ‘Evidence of prior felony convictions offered for this purpose is restricted to the name or type of crime and the date and place of conviction.’  [Citations.]” (*People v. Gutierrez* (2018) 28 Cal.App.5th 85, 88–89.)

The admission of a prior felony conviction for impeachment purposes is subject to the trial court’s discretion to exclude evidence as more prejudicial than probative pursuant to Evidence Code section 352.  (*People v. Gutierrez*, *supra*, 28 Cal.App.5th at p. 89, citing *Anderson*, *supra*, 5 Cal.5th at p. 407.)  “When determining whether to admit a prior conviction for impeachment purposes, the court should consider, among other factors, whether it reflects on the witness’s honesty or veracity, whether it is near or remote in time, whether it is for the same or similar conduct as the charged offense, and what effect its admission would have on the defendant’s decision to testify.” (*People v. Clark* (2011) 52 Cal.4th 856, 931 (*Clark*).)

We review the trial court’s admission of impeachment evidence for an abuse of discretion.  (*Anderson*, *supra*, 5 Cal.5th at p. 407.)  “Because the court’s discretion to admit or exclude impeachment evidence ‘is as broad as necessary to deal with the great variety of factual situations in which the issue arises’ [citation], a reviewing court ordinarily will uphold the trial court’s exercise of discretion.” (*Clark*, *supra*, 52 Cal.4th at p. 932; accord, *Anderson*, at p. 407.)

## C.  Analysis

Defendant’s primary objection to the admission of the 2004 convictions is that they were remote in time to the 2015 charged offense.

It is well established that "convictions remote in time are not automatically inadmissible for impeachment purposes. Even a fairly remote prior conviction is admissible if the defendant has not led a legally blameless life since the time of the remote prior." (*People v. Mendoza* (2000) 78 Cal.App.4th 918, 925–926.) Here, after defendant's 2004 convictions, he suffered a misdemeanor conviction for reckless driving (Veh. Code, § 23103) in 2006 and, as the trial court noted, violated parole in 2006 and 2007. In light of defendant's offending behavior after his 2004 convictions, the relative remoteness of the offenses did not render the convictions necessarily inadmissible. In other words, the convictions were not so remote as to have no bearing on defendant's credibility. (See *People v. Mickle* (1991) 54 Cal.3d 140, 172.)

Further, the other relevant considerations supported admission of the prior convictions for impeachment purposes. First, burglary is a moral turpitude crime, and defendant's prior burglary convictions were relevant to his honesty and credibility. (*People v. Edwards* (2013) 57 Cal.4th 658, 722; *Clark*, *supra*, 52 Cal.4th at p. 932 [a "series of crimes may be more probative of credibility than a single crime"].) Second, the 2004 burglary convictions were not similar to the charged offenses and, at defendant's request, the nature of the convictions was not disclosed to the jury. Consequently, the risk of any improper propensity inference was properly mitigated. (See *Edwards*, at p. 724 [the similarity of a prior conviction to the charged offense weighs against admission of the prior conviction].) Third, admitting the prior convictions did not deter defendant from testifying. (*People v. Mendoza*, *supra*, 78 Cal.App.4th at p. 926 [factor had no application where defendant "actually took the stand"].)

Considering all the factors articulated in *Clark*, the trial court did not abuse its discretion in admitting defendant's 2004 burglary prior convictions.

## DISPOSITION

The judgment is affirmed.